UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GOODRICH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01440-TWP-KMB |
| | ) | |
| FORWARD A2B INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO SEAL**

Presently pending before the Court is Defendant Transloop Logistics LLC's ("Transloop") Motion to Seal Document 1. [Dkt. 5.] Transloop removed this negligence action from Marion County Superior Court to federal court on July 8, 2026. [Dkt. 1.] Its Notice of Removal and several attachments contain the full, unredacted names of two minor Plaintiffs. [*Id.*] Transloop asks the Court to seal the unredacted Notice of Removal because it contains the minor Plaintiffs' "personal identifiers." [Dkt. 5.] Plaintiffs did not respond to Transloop's Motion, and the time to do so has passed. For the reasons below, Transloop's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. LEGAL STANDARD

Litigants in federal court generally "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). Materials that are vital to claims made in litigation therefore ordinarily must be publicly available. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002). Public access enables interested members of the public "to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v.*

*Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). When information on the docket "would not reveal anything about judicial activity," however, the information need not necessarily remain publicly available. *Id.* at 834. A court may therefore seal all or part of the record upon a showing of good cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

The Federal Rules of Civil Procedure provide additional privacy protections for certain information. For example, under Federal Rule of Civil Procedure 5.2(a)(3), a filing containing "the name of an individual known to be a minor" may include only the minor's initials rather than the party's full name. Fed. R. Civ. P. 5.2(a)(3). The redaction requirement does not necessarily apply to an official state-court record or another court record that was not subject to the requirement when originally filed. Fed. R. Civ. P. 5.2(b)(4). Nevertheless, the Court may order an unredacted filing placed under seal and require the filer to submit a redacted version for the public record. Fed. R. Civ. P. 5.2(d).

## II. DISCUSSION

The Notice of Removal and several of its attachments contain the names of two minors. [Dkt. 1.] Because the Notice of Removal was first filed in this Court, Federal Rule of Civil Procedure 5.2(a)(3) required the minors to be identified using only their initials. *See Lundquist v. Burgoyne*, 2021 U.S. Dist. LEXIS 231753, at *3-4 (N.D. Ind. Dec. 3, 2021). Transloop violated this rule, and its Notice of Removal cannot remain publicly available on the docket as is. Thus, the Court **GRANTS** Transloop's request to seal docket 1 as filed. Transloop is **ORDERED**, however, to file a redacted version of its Notice of Removal **within fourteen (14) days** that utilizes the initials of the minors involved.

The documents attached to Transloop's Notice of Removal require a slightly different analysis because many of them were originally filed in state court. Rule 5.2's redaction requirement does not apply to a state court record that was not subject to the redaction requirement when it was originally filed. Fed. R. Civ. P. 5.2(b)(3)-(4). Thus, although some of the documents attached to Transloop's Notice of Removal may be exempt from Rule 5.2(a)(3)'s redaction requirement, the Court may still seal those documents upon a showing of good cause. *See* Fed. R. Civ. P. 5.2(d).

The Court finds that good cause exists here. This case arises from a motor-vehicle accident that involved both of the minors, and their full names are not necessary for the public to understand the Parties' claims, the basis for federal jurisdiction, or the Court's exercise of its authority. *Goesel*, 738 F.3d at 833. Moreover, revealing the names of the minors in the exhibits to the Notice of Removal would defeat the purposes of Rule 5.2(a)(3)'s requirement that minors only be identified by initials, since their identities would be immediately known to all. Thus, the Court finds that the privacy interests of the minors involved in this case and the purpose of Rule 5.2 support the good cause necessary to seal the exhibits to the Notice of Removal that utilize the minors' full names. *See Lundquist*, 2021 U.S. Dist. LEXIS 231753, at *4 (finding good cause to maintain a notice of removal and attached state-court documents under seal because the minor plaintiff's full name was not vital to the litigation and the public could review a redacted version). The Court will, however, require Transloop to file redacted versions of the exhibits that either utilize the minors' initials, if possible, or redacts their names if their full names are utilized in a filing previously made in state court.

For these reasons, Transloop's Motion to Seal is **GRANTED** to the extent that the Clerk is directed to maintain the exhibits to the Notice of Removal, [dkts. 1-1 to 1-6], **UNDER SEAL**.

Transloop is **ORDERED**, however, to file redacted version of these exhibits as set forth herein **within fourteen (14) days** of the date of this Order.

## III. CONCLUSION

For these reasons, Transloop's Motion to Seal, [dkt. 5], is **GRANTED IN PART** and **DENIED IN PART**. The Clerk is **DIRECTED** to maintain the Notice of Removal, [dkt. 1], and all attached exhibits, [dkts. 1-1 to 1-6], **UNDER SEAL**. To preserve public access to the judicial record, however, **within fourteen (14) days of the date of this Order**, Transloop is **ORDERED** to file a redacted Notice of Removal and all attached exhibits that complies with Federal Rule of Civil Procedure 5.2 and utilizes initials for the minors' names where possible. Transloop may redact the minors' names at issue when their full names were utilized in a previous state court filing. Transloop's Motion is **DENIED** to the extent it seeks to maintain the Notice of Removal and its attachments under seal without Transloop needing to file redacted or compliant versions on the public docket.

The **Clerk is further DIRECTED** to update the case caption to reflect that the Plaintiffs in this case are "Christopher Goodrich and Natalie Goodrich, Individually and as Parents and Natural Guardians of B.G, a minor, and E.G., a deceased minor." All Parties shall take care to comply with Rule 5.2 in future filings in this case by utilizing the minors' initials, where possible, or redacting their full names if contained in exhibits to filings where utilizing initials is not possible.

**SO ORDERED.**

Date: 8/18/2026

Kellie M. Barr
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email